UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,**

  *Plaintiff*,

v.　　　　　　　　　　　　　　　　　　Case No.  SA-24-CV-00460-JKP

**SYNTHYA VERNON, INDIVIDUALLY AND AS PERSONAL REPRESENTA-TIVE OF THE ESTATE OF CORY ALLAN VERNON, DECEASED, AND AS NEXT FRIEND OF K.G.V., A MINOR; AND JULIAN VILLARREAL JR.,**

  *Defendants*.

### MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Allstate Fire and Casualty Insurance Company's (Allstate) Motion for Default Judgment against both defendants. *ECF No. 15*. Neither Defendant responded. Upon consideration, the Court concludes the Motion for Default Judgment shall be DENIED WITHOUT PREJUDICE.

### Factual and Procedural Background

Defendants in this action, Synthya Vernon, individually and as personal representative of the Estate of Cory Allan Vernon, deceased, and as next friend of K.G.V., a minor (Vernon), obtained a default judgment in Texas state court against Co-Defendant Julian Villarreal on April 4, 2024, arising from an automobile accident that occurred on March 3, 2022. The state-court de-

fault judgment awarded Vernon damages of $10 million. Villarreal did not file an answer in that suit or otherwise appear or participate. Villarreal did not provide notice of the suit to Allstate.

Allstate filed this action on May 6, 2024, seeking declaratory relief, only stating, "[Allstate] has no legal obligation to pay any damages awarded to Ms. Vernon in the Final Default Judgment entered in the Underlying Lawsuit or to indemnify Mr. Villarreal for those damages." Allstate alleges Villarreal's failure to notify Allstate of service in the underlying suit and failure to request a defense constituted a breach of the terms of the subject insurance policy (the Policy), absolving Allstate of any obligation to defend him in the state-court lawsuit or provide indemnity of the default judgment. Allstate also alleges the Policy was held by its insured Gloria Cavazos. However, Cavazos signed an Excluded Driver Endorsement effective May 19, 2019, excluding Villarreal from coverage under the Policy. Allstate asserts this Excluded Driver Endorsement was in effect at the time of the underlying accident.

Allstate alleges Vernon, through counsel, threatened to file suit against Allstate by letter dated February 9, 2024 (prior to the state-court default judgment), and later sent a demand letter on April 5, 2024 (the day after entry of the state-court default judgment), serving notice of the Final Default Judgment and stating Vernon intended to proceed with "'all legal methods to collect the amounts owed.'" Neither Vernon nor Villarreal filed an Answer or otherwise appeared, and, upon request, the Clerk of Court entered a default against both parties. Allstate now files this Motion for Default Judgement against both Vernon and Villarreal.

In analyzing this Motion for Default Judgement, this Court must, first, examine its jurisdiction under these facts, and, if jurisdiction exists, analyze the merits of the Motion, itself.

I.     **EXAMINATION OF JURISDICTION**

**Legal Standard**

Under the Federal Declaratory Judgement Act, a court may "declare the rights and other legal relations of any interested party" in any "case of actual controversy within its jurisdiction." 28 U.S.C. § 2201(a). While the Federal Declaratory Judgment Act provides a remedy in federal court, it does not grant jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671 (1950). The requesting party must still establish an independent basis for invoking either federal-question jurisdiction or diversity jurisdiction. *Red Lobster Inns of Am., Inc. v. New England Oyster House, Inc.*, 524 F.2d 968, 968 (5th Cir. 1975); *RLI Ins. Co. v. 2 G Energy Sys., LLC*, 581 F. Supp. 3d 817, 823 (W.D. Tex. 2020). Therefore, prior to deciding whether to exercise its discretionary authority to determine the substantive merits of a declaratory judgment action, the court must first examine jurisdiction. *Lowe v. Ingalls Shipbuilding,* 723 F.2d 1173, 1177 (5th Cir. 1984); *Scott v. Chevron U.S.A., Inc.,* 824 F.Supp. 613, 614 (N.D.Miss. 1993). A suit is presumed to lie outside a federal court's limited jurisdiction unless and until the party invoking federal jurisdiction establishes otherwise. *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001); *Hodnett v. Logan's Roadhouse, Inc.*, No. CIV.A. 15-2158, 2015 WL 5675854, at *1 (W.D. La. Sept. 25, 2015).

### A. Diversity Jurisdiction

Federal courts have diversity jurisdiction over cases arising under state law if the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. *MidCap Media Fin., LLC v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019). In establishing the requisite citizenship of an individual, a frequent source of confusion lies in the difference between residency and citizenship. *Id*. While similar, "[c]itizenship and residence . . . are not synonymous terms." *Id*. "Citizenship requires not only '[r]esidence in fact' but also 'the purpose to make the place of residence one's home.'" *Id*. (quoting *Texas v. Florida*, 306 U.S. 398, 424

(1939)). Therefore, an allegation of residency alone "does not satisfy the requirement of an allegation of citizenship." *Id*.

Next, in a declaratory-judgment action, the amount in controversy is measured by the value of the object of the litigation. *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977). In cases such as this, when an insurer seeks a declaratory judgment regarding the coverage provided by an insurance policy, the value of the object of the litigation is the insurer's potential liability under the subject policy, that is, the policy limit. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *RLI Ins. Co.*, 581 F.Supp.3d at 824.

The Motion for Default Judgment includes no evidentiary support. Consequently, the only facts from which the Court may determine jurisdiction are those well-pleaded facts in the Complaint. Although easily resolved, Allstate provides insufficient pleading of facts to establish diversity jurisdiction. First, Allstate states Vernon *resides* in Bexar County, Texas, and Villarreal *resides* in Bexar County, Texas. *ECF No. 1, p. 2*. These statements of residency do not establish these parties' citizenship. *See MidCap Media Fin.*, 929 F.3d at 313. Next, Allstate does not provide the amount of the liability limit of the subject policy. Allstate provides no reason that its liability would exceed the subject Policy limit, nor does it provide any basis for other liability such as attorney fees, penalties, or punitive damages. Instead, Allstate states the underlying default judgment awards Vernon $10 million in damages, and therefore, the matter in controversy exceeds $75,000. *ECF No. 1, p. 3*. This allegation of the amount in controversy is incorrect. *See St. Paul Reinsurance Co.*, 134 F.3d at 1253; *RLI Ins. Co.*, 581 F.Supp.3d at 824.

With these omissions of representation of citizenship and the amount in controversy, Allstate fails to adequately establish diversity jurisdiction.

### B. Subject-Matter Jurisdiction

The existence of a "case or controversy" is a condition precedent to the proper exercise of judicial power under the Federal Declaratory Judgment Act. *Skelly Oil,* 339 U.S. at 671. Determination whether an "actual case or controversy" exists in this procedural context is important because requested declaratory relief can present the danger of providing an advisory opinion. *Id.* To avoid providing an advisory opinion or an opinion on a hypothetical situation, the Court must determine whether the facts alleged show there is a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273 (1941). Because this question is fact-intensive, it must be determined on a case-by-case basis in a declaratory judgment action, observing whether the case may "presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop." *Brown & Root, Inc. v. Big Rock Corporation,* 383 F.2d 662, 665 (5th Cir. 1967).

A declaratory-judgment action must be ripe to be justiciable, and such action is ripe only when an "actual controversy" exists. *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002). A court should dismiss a case for lack of "ripeness" when "the case is abstract or hypothetical." *Orix Credit Alliance, Inc.,* 212 F.3d at 895. An actual controversy arises when "a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests." *Venator Group Specialty, Inc. v. Matthew/Muniot Family, L.L.C.,* 322 F.3d 835, 838 (5th Cir. 2003). The declaratory plaintiff bears the burden of proving, by a preponderance of the evidence, that an actual controversy exists. *Cardinal Chem. Co. v. Morton Int'l, Inc.,* 508 U.S. 83, 95 (1993). As a general rule, when requested declaratory relief is based on any hypothetical con-

tingency, no actual controversy exists to form a court's subject matter jurisdiction. *Orix Credit Alliance*, 212 F.3d at 896; *Colonia Ins. Co. v. Williams*, 941 F. Supp. 606, 608 (N.D. Miss. 1996).

### 1. Declaratory Judgment Seeking Determination of Insurance Coverage

Insurance cases seeking declaration of coverage under a particular policy provide an exception to this general rule that a court may not enter declaratory relief on a hypothetical contingency. *Maryland Casualty Co.,* 312 U.S. at 273. Under this exception*,* a liability insurer may bring an action against its insured and a person the insured injured seeking a declaration of non-coverage. *Id.*; *Markel Ins. Co. v. D&BR Bldg. Sys., Inc.*, No. 6:08CV462, 2010 WL 11531147, at *2-*3 (E.D. Tex. Mar. 24, 2010)(discussing application of the exception under *Maryland Casualty* in the Fifth Circuit).

Problematic to this Court's examination of this exception provided under *Maryland Casualty* is the cases applying it and interpreting the exception all involve declaratory-relief actions brought by a liability insurer against *its insured*. *See Maryland Casualty Co.,* 312 U.S. at 273; *Markel Ins. Co.*, 2010 WL 11531147, at *2-*3. Indeed, *Maryland Casualty* involved and states this exception specifically as: "a liability insurer may bring an action against its *insured* and a person the insured injured." *Maryland Casualty Co.,* 312 U.S. at 273. Further, when a liability insurer fails to name its insured as a defendant in its declaratory judgment action, this omission creates an assumption that the insurer does not deny its liability for any judgment which may stand against its insured. *See Colonia Ins. Co.*, 941 F. Supp. at 608–09.

Here, from the facts provided in the Complaint, it is not clear whether the true insured, Gloria Cavazos, was a party to the underlying state court action or whether any judgment was obtained against her. Even so, this case is not a declaratory-relief action brought by a liability insurer against *its insured*. In its Complaint, Allstate alleges Villarreal is not the insured under the Policy, but instead, Cavazos is the named insured, and Villarreal is specifically excluded from coverage. Allstate does not argue, nor provide any supporting caselaw from which this Court may interpret the term "insured" as used in this context to mean *any* party, such as Villarreal, who may potentially assert a claim of coverage under a policy. Thus, applicability of the *Maryland Casualty* exception under these facts is not clear, and the Court must presume against a finding of jurisdiction unless and until Allstate shows otherwise. *See Howery,* 243 F.3d at 916; *Hodnett*, 2015 WL 5675854, at *1.

### 2. Threat of Litigation

Review of the Complaint also reveals Allstate fails to allege enough facts pertaining to Vernon's alleged threats of litigation for this Court to determine whether an actual controversy exists to confer subject matter jurisdiction. While a specific and concrete threat of litigation can establish a justiciable controversy, in this context, a plaintiff must show a "practical likelihood that a controversy will become real." *Lower Colo. River Auth. v. Papalote Creek II, L.L.C.*, 858 F.3d 916, 924 (5th Cir. 2017); *Orix Credit Alliance*, 212 F.3d at 897. This actual-controversy inquiry "focuses on whether an injury that has not yet occurred [i.e. a threat of litigation] is sufficiently likely to happen to justify judicial intervention." *Chevron v. Traillour Oil Co.,* 987 F.2d at 1153; *Orix Credit Alliance*, 212 F.3d at 897.

In *Orix*, the Fifth Circuit Court found persuasive cases finding sufficient certain threats of litigation to present a justiciable controversy. First, when a buyer sent a "notice letter" informing

7

a manufacturer that suit would be filed in state court if their dispute was not resolved. *Orix Credit Alliance*, 212 F.3d at 897 (citing *NUCOR Corp. v. Aceros Y Maquilas de Occidente,* 28 F.3d 572, 578 (7th Cir. 1994)). Also, in the intellectual property context, the *Orix* Court found an actual controversy exists "(1) when the declaratory plaintiff has a real and reasonable apprehension of litigation and (2) when the declaratory plaintiff has engaged in a course of conduct that brings it into adversarial conflict with the declaratory defendant." *Orix Credit Alliance*, 212 F.3d at 897 (citing *Texas v. West Publ'g. Co.,* 882 F.2d at 176). Particularly relevant to the facts in this case, in *Regions Insurance, Inc. v. Ace Prop. & Cas. Ins. Co.*, a district court determined a declaratory-relief plaintiff demonstrated a sufficient threat of litigation to constitute an actual controversy: while a suit was pending, counsel on behalf of Ace Property & Casualty Insurance sent a letter notifying Regions Insurance that if it did not undertake Ace's defense and indemnify Ace, Regions would risk Ace filing a third-party claim against it. Further Ace made a formal demand upon Regions Insurance to reimburse Ace for payment it made in two underlying suits. *Regions Ins., Inc. v. Ace Prop. & Cas. Ins. Co.*, 80 F. Supp. 3d 730, 734 (M.D. La. 2015).

While this caselaw is instructive, even in light of accepting the alleged facts as true, the only supporting facts from which this Court could deduce a sufficient threat of litigation are allegations in the Complaint stating Vernon's counsel sent a letter to Allstate during the state-court litigation "threatening to file suit" and sent a letter to Allstate the day after entry of the state-court default judgment, serving notice of the Final Default Judgment and stating Vernon intended to proceed with "'all legal methods to collect the amounts owed.'"

Allstate's characterization of these letters as "threatening to file suit" and as a "demand letter," are conclusory. Allstate does not provide the letters, nor does it provide specific language from the letters from which this Court may determine whether the letters present a threat of liti-

gation that is sufficiently likely to happen to justify judicial intervention. *See Chevron v. Traillour Oil Co.,* 987 F.2d at 1153; *Orix Credit Alliance*, 212 F.3d at 897. These allegations taken as true do not demonstrate Allstate has a real and reasonable apprehension of litigation. *See Orix Credit Alliance*, 212 F.3d at 897. Consequently, these allegations are not sufficient to demonstrate an actual controversy to confer subject matter jurisdiction. Because these alleged facts do not clearly demonstrate an actual controversy, the Court must presume against a finding of jurisdiction unless and until Allstate demonstrates a specific and concrete threat of litigation. *See Howery,* 243 F.3d at 916; *Hodnett*, 2015 WL 5675854, at *1.

Nevertheless, an affirmative finding that this Court lacks subject matter jurisdiction because no actual case or controversy presently exists is premature, as these discussed deficiencies could possibly be cured. Consequently, the Court will allow repair prior to dismissal for lack of jurisdiction.

In the event Allstate determines it may cure the jurisdictional pleading omissions, the Court will also examine the substantive merits of the request for default judgment.

## II. EXAMINATION OF SUBSTANTIVE MERITS OF MOTION FOR DEFAULT JUDGMENT

### Legal Standard

A movant must satisfy three procedural requisites to secure a default judgment. Fed. R. Civ. P. 55; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, the movant must properly serve the defendant, and default occurs when the defendant fails to plead or otherwise defend against the action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered when the default-judgment movant establishes proper service and failure to plead "by affidavit or otherwise." *Id.*; *New York Life Ins. Co.*, 84 F.3d at 141. Finally, upon satisfaction of the first two

requirements, a party must move for a default judgment. Fed. R. Civ. P. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141. These three procedural requisites are satisfied here.

Still, standing alone, a defendant's default does not entitle a plaintiff to a default judgment, as the decision whether to grant a default judgment is within the court's discretion. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). "Default judgments are a drastic remedy, not favored by the Federal Rules" and are available "only when the adversary process has been halted because of an essentially unresponsive party." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Any doubt as to whether to enter a default judgment must be resolved in favor of the defaulting party. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998); *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 3:12-CV-4194, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013).

Following presentation of a Motion for Default Judgment, courts apply a two-part process to determine its viability and to determine whether to exercise discretion to enter a default judgment. *Fed. Election Comm'n v. Defend Louisiana PAC*, No. CV 21-00346, 2022 WL 2911665, at *6 (M.D. La. July 22, 2022). First, a court must consider whether default judgment is appropriate under the factual circumstances. *Lindsey*, 161 F.3d at 893. At this stage, courts must consider the following factors: (1) whether there are material issues of fact; (2) whether there has been substantial prejudice; (3) whether the grounds for default have been clearly established; (4) whether the default was caused by excusable neglect or good faith mistake; (5) the harshness of the default judgment; and (6) whether the court would think itself obliged to set aside the default on a motion by Defendant. *Id.*

Second, courts assess the substantive merits of the plaintiff's claims and causes of action to determine whether there is a sufficient basis in the pleadings for judgment in favor of the

plaintiff. *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975); *J & J Sports Productions, Inc. v. Morelia Mexican Rest., Inc.*, 126 F.Supp.3d 809, 814 (N.D. Tex. 2015). In doing so, courts are to assume, that due to its default, the defendant admits all well-pleaded facts in the plaintiff's complaint. *Nishimatsu Constr. Co., Ltd.,* 515 F.2d at 1206. However, a "defendant is not held to admit facts that are not-well pleaded or to admit conclusions of law." *Id.* Consequently, at this second step, the court must review the plaintiff's complaint to determine whether the plaintiff asserts a viable claim for relief. *Id.*; *J & J Sports Productions, Inc.*, 126 F.Supp.3d at 814.

Following this two-part analysis, the court must determine what form of relief, if any, the plaintiff should receive in the case. *Nishimatsu Constr. Co.,* 515 F.2d at 1206; *RLI Ins. Co.*, 581 F.Supp.3d at 817.

## Discussion

The three procedural prerequisites to secure a default judgment are present here, and Allstate provided the proper notice of service and failure to answer. *See ECF Nos. 12,15*; *see also* Fed. R. Civ. P. 55; *New York Life Ins. Co. v. Brown*, 84 F.3d at 141.

With this satisfaction of the three procedural prerequisites, this Court begins its analysis of the Motion for Default Judgment with the factors to be considered to determine the viability of this discretionary requested action. *Fed. Election Comm'n v. Defend Louisiana PAC*, No. CV 21-00346, 2022 WL 2911665, at *6. In reviewing these factors, this Court is particularly mindful that under the specific procedural posture of this case, the purpose and goal of default judgment is not met. Because there is only a threat of litigation, no adversary process has been halted due to an essentially unresponsive party. *See Sun Bank of Ocala*, 874 F.2d at 276.

With regard to the first factor of consideration, whether there are material issues of fact, even upon presumption of all facts plead in the Complaint, many material issues of fact remain which include: whether the automobile involved in the accident is covered under the subject Policy; what facts implicate the subject Policy whether Cavazos was aware of the state-court suit; whether Cavazos provided Allstate notice of the state-court suit against Villarreal; whether the Excluded Driver Endorsement was valid and enforceable at the time of the underlying accident; whether Allstate had constructive knowledge of the state-court suit. Given these issues of material fact, this Court finds the first factor weighs heavily against issuance of default judgment on the requested declaratory relief. Further, with the existence of these issues of fact, the Court finds the fifth and sixth factors, the harshness of the default judgment and whether the court would think itself obliged to set aside the default upon a motion, also weigh against issuance of default judgment.

The second factor also weighs against default judgment. There is no substantial prejudice to Allstate should the Court exercise its discretion to not provide the declaratory relief because the underlying state-court litigation concluded, with no implication of Allstate's liability, and Allstate has not established a viable threat of future litigation. Even accepting as true Allstate's interpretation of the letters "threats to sue", it experienced no prejudice.

Proceeding to the remaining factors, Allstate does satisfy the third factor by clearly establishing the grounds for default, that is proper service of Vernon and Villarreal and their failure to file an Answer or otherwise appear. However, nothing exists in the record to provide an indication of the existence of the fourth factor: whether the default was caused by excusable neglect or good faith mistake.

Analysis of the six factors weighs against providing the requested declaratory relief by default judgment.

Finally, at the last analytical step, the Court must determine whether the Complaint presents sufficient basis for the requested declaratory relief by default judgment.

As stated previously, the Complaint provides no basis for Allstate's requested declaratory relief. As stated, many material issues of fact remain, even after accepting all well-pleaded facts as true. From the presumed facts, it appears Vernon may have some interest in pursuing collection of the underlying default judgment from Allstate; however, given the discussed issues of fact, the presumed facts do not provide enough for this Court to determine whether a sufficient basis exists for the requested declaratory relief by default judgment against her. Further, the presumed facts provide no indication whether Vernon's failure to respond was based upon disinterest in pursuing legal action against Allstate or excusable neglect or mistake. Given this gap in facts, this Court resolves in Vernon's and Villarreal's favor all doubt as to whether to enter a default judgment against them. *Lindsey*, 161 F.3d at 893; *John Perez Graphics & Design*, 2013 WL 1828671, at *3.

## CONCLUSION

For the reasons stated, due to omissions in alleged facts to support this Court's diversity and subject matter jurisdiction and insufficiency of alleged facts to support a favorable determination on the merits of the Motion for Default Judgment, the Court **DENIES** Allstate's Motion for Default Judgment without prejudice. *ECF No. 15*. Should Allstate determine it can provide sufficient factual detail to support this Court's jurisdiction, it must file an Amended Complaint curing the discussed and any other potential deficiencies **on or before seven (7) days from the date of entry of this Order on the docket**. Should Allstate determine it can cure the discussed

13

and any other potential pleading and evidentiary deficiencies to support the substantive merits of the Motion for Default Judgement, it must file a curing Amended Complaint **on or before seven (7) days from the date of entry of this Order on the docket**.

It is noted that if Allstate chooses to pursue this litigation, it must comply with the Federal Rules of Civil Procedure and serve any Amended Complaint on the named Defendants and proceed again through the requisite steps of Federal Rule 55 in the event another Motion for Default Judgment is warranted. If Allstate does not file an Amended Complaint prior to the imposed deadline, the Court may dismiss this case without prejudice pursuant to Fed.R.Civ.P. 41 for lack of prosecution or failure to comply with a court order. If Allstate files an Amended Complaint that does not establish sufficient facts from which this Court may determine jurisdiction, this cause will be dismissed for lack of jurisdiction. If Allstate files an Amended Complaint that does not cure the discussed deficiencies pertaining to the substantive merits, this Court may exercise its discretion to deny any Motion for Default Judgment or grant any Motion to Dismiss and may dismiss this cause with prejudice.

It is so ORDERED.
SIGNED this 15th day of October, 2024.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE