UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,**

  *Plaintiff*,

v.

**SYNTHYA VERNON, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF CORY ALLAN VERNON, DECEASED, AND AS NEXT FRIEND OF K.G.V., A MINOR; AND JULIAN VILLAR-REALJR.,**

  *Defendants*.

Case No. SA-24-CV-00460-JKP

### MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Allstate Fire and Casualty Insurance Company's (Allstate) Second Motion for Default Judgment against all named defendants. *ECF No. 27*. No Defendant responded. Upon consideration, the Court concludes Allstate failed to adequately demonstrate this Court holds jurisdiction, even after instruction and admonishment, and therefore, the case is DISMISSED without prejudice for lack of jurisdiction and failure to prosecute. The Motion for Default Judgment is DISMISSED.

**Factual and Procedural Background**

A named defendant in this action, Synthya Vernon, individually and as personal representative of the Estate of Cory Allan Vernon, deceased, and as next friend of K.G.V., a minor (Vernon), obtained a default judgment in Texas state court against Co-Defendant Julian Villar-

real on April 4, 2024, arising from an automobile accident that occurred on March 3, 2022. The state-court default judgment awarded Vernon damages of $10 million. Villarreal did not file an answer in that suit or otherwise appear or participate. Villarreal did not provide notice of the suit to Allstate.

Allstate filed this action on May 6, 2024, seeking declaratory relief, only, stating, "[Allstate] has no legal obligation to pay any damages awarded to Ms. Vernon in the Final Default Judgment entered in the Underlying Lawsuit or to indemnify Mr. Villarreal for those damages." Allstate alleges Villarreal's failure to notify Allstate of service in the underlying suit and failure to request a defense constituted a breach of the terms of the subject insurance policy (the Policy), absolving Allstate of any obligation to defend him in the state-court lawsuit or provide indemnity on the default judgment. Allstate also alleges the Policy was held by its insured Gloria Cavazos, and Cavazos signed an Excluded Driver Endorsement effective May 19, 2019, excluding Villarreal from coverage under the Policy. Allstate asserts this Excluded Driver Endorsement was in effect at the time of the underlying accident. *ECF No. 1*.

Upon service in this lawsuit, neither Vernon nor Villarreal filed an Answer or otherwise appeared. When Allstate failed to prosecute this case in light of this failure to respond to the Complaint and Summons, this Court entered a Show Cause Order. *ECF No. 11*. This Court instructed Allstate that if it failed to move for a clerk's entry of default or take any other action in this case with respect to the default, the case may be dismissed for failure to prosecute. *Id*. Allstate then filed a Motion for the Clerk of Court to enter a default against both parties, which was entered. *ECF Nos. 12,13,14*. Allstate then filed its first Motion for Default Judgement against both Vernon and Villarreal. *ECF No. 15*. In analyzing this first Motion for Default Judgement, this Court examined its jurisdiction under these facts. *ECF No. 16*. Upon this examination, this

2

Court concluded Allstate did not provide the amount of the liability limit of the subject policy, provided no reason that its liability would exceed the subject policy limit, nor did it provide any basis for other liability such as attorney fees, penalties, or punitive damages. Instead, Allstate stated simply that "the underlying default judgment awards Vernon $10 million in damages, and therefore, the matter in controversy exceeds $75,000." *See ECF No. 1, p. 3; ECF No. 16*. With this omission of adequate facts from which this Court could definitively determine the amount in controversy, this Court found Allstate failed to adequately establish diversity jurisdiction. *ECF No. 16*.

Next, this Court concluded that upon review of the face of the Complaint, the requested declaratory relief appeared to be based on a hypothetical contingency, and no actual controversy existed to establish subject matter jurisdiction. *ECF No. 16*. Of particular importance, this Court noted that insurance cases seeking declaration of coverage under a particular policy provide an exception to the general rule that a court may not enter declaratory relief on a hypothetical contingency. *See Maryland Casualty Co. v. Pac. Coal & Oil Co.,* 312 U.S. 270, 273 (1941).

Under this exception*,* a liability insurer, such as Allstate, may bring an action against its insured and a person the insured injured seeking a declaration of non-coverage. However,

> Allstate did not make clear in the Complaint whether the true insured, Gloria Cavazos, was a party to the underlying state court action or whether any judgment was obtained against her. Even so, this case is not a declaratory-relief action brought by a liability insurer against *its insured*. In its Complaint, Allstate alleges Villarreal is not the insured under the Policy, but instead, Cavazos is the named insured, and Villarreal is specifically excluded from coverage. Allstate does not argue, nor provide any supporting caselaw from which this Court may interpret the term "insured" as used in this context to mean *any* party, such as Villarreal, who may potentially assert a claim of coverage under a policy. Thus, applicability of the *Maryland Casualty* exception under these facts is not clear, and the Court must presume against a finding of jurisdiction unless and until Allstate shows otherwise.

*ECF No. 16*.

Finally, this Court determined that even in light of accepting the alleged facts as true, the allegations in the Complaint that Vernon's counsel sent a letter to Allstate during the state-court litigation "threatening suit" and another letter to Allstate the day after entry of the state-court default judgment, stating Vernon intended to proceed with "'all legal methods to collect the amounts owed'" were conclusory and insufficient to establish an active threat to file suit. *ECF No. 16.* Further, Allstate did not provide the letters. With these deficiencies, this Court concluded Allstate failed to demonstrate a real and reasonable apprehension of litigation, and therefore, Allstate failed to demonstrate an actual controversy to confer subject matter jurisdiction. *Id.*

Based upon an extensive analysis of jurisdiction, this Court concluded an affirmative finding that it lacked diversity and subject matter jurisdiction on the enumerated bases was premature because Allstate could cure these discussed deficiencies. *Id.* Consequently, the Court gave Allstate the opportunity to repair the deficiencies prior to dismissal for lack of jurisdiction. *Id.* This Court instructed Allstate specifically of the deficiencies that must be cured and admonished Allstate that failure to resolve these deficiencies would result in dismissal of this suit for lack of jurisdiction. *Id.*

Allstate did file a timely Amended Complaint following this admonishment on October 24, 2024. *ECF No. 17*. When Allstate failed to serve this Amended Complaint on the named Defendants, the Court issued another Show Cause Order on February 18, 2025, stating that although Allstate filed an Amended Complaint, it did not serve the named defendants, nor did it otherwise comply with this Court's previous Order requiring cure of the cited jurisdictional pleading deficiencies. *ECF No. 18*. For this reason, this Court ordered Allstate to file a response to show cause why this matter should not be dismissed for want of prosecution and lack of jurisdiction.

*Id*. This Court admonished Allstate that if it failed to respond to the Show Cause Order timely or failed to respond fully, this case will be dismissed. *Id*.

Allstate responded and served the defendants on February 25, 2025. *ECF Nos. 19, 20, 21*. Upon further lapse in prosecution of this matter when defendants failed to file a timely Answer, this Court issued a third Show Cause Order on May 1, 2025. *ECF No. 23*. In this Show Cause Order, the Court admonished Allstate, again, that it held responsibility to prosecute this case in light of Defendants' failure to respond to the Complaint and Summons. *Id*. The Court informed Allstate that it would dismiss the action for failure to prosecute if Allstate, again, failed to diligently pursue default or show cause why moving for default is not appropriate. *Id*. In response, Allstate moved for entry of default, and upon such entry, filed the present, second Motion for Default Judgment. *ECF Nos. 24,25,26,27*.

In review of the Motion for Default Judgment, the Court must first examine whether it holds jurisdiction, and if so, then examine the merits of the Motion for Default Judgment.

## EXAMINATION OF JURISDICTION

### Legal Standard

Under the Federal Declaratory Judgement Act, a court may "declare the rights and other legal relations of any interested party" in any "case of actual controversy within its jurisdiction." 28 U.S.C. § 2201(a). While the Federal Declaratory Judgment Act provides a remedy in federal court, it does not grant jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671 (1950). The requesting party must still establish an independent basis for invoking either federal-question jurisdiction or diversity jurisdiction. *Red Lobster Inns of Am., Inc. v. New England Oyster House, Inc.*, 524 F.2d 968, 968 (5th Cir. 1975); *RLI Ins. Co. v. 2 G Energy Sys., LLC*, 581 F.

Supp. 3d 817, 823 (W.D. Tex. 2020). Therefore, prior to deciding whether to exercise its discretionary authority to determine the substantive merits of a declaratory judgment action, the court must first examine jurisdiction. *Lowe v. Ingalls Shipbuilding,* 723 F.2d 1173, 1177 (5th Cir. 1984); *Scott v. Chevron U.S.A., Inc.,* 824 F.Supp. 613, 614 (N.D.Miss. 1993). A suit is presumed to lie outside a federal court's limited jurisdiction unless and until the party invoking federal jurisdiction establishes otherwise. *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001); *Hodnett v. Logan's Roadhouse, Inc.*, No. CIV.A. 15-2158, 2015 WL 5675854, at *1 (W.D. La. Sept. 25, 2015).

### A.  Diversity Jurisdiction: Amount in Controversy

Federal courts have diversity jurisdiction over cases arising under state law if the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332; *MidCap Media Fin., LLC v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019). As the party invoking federal diversity jurisdiction, Allstate bears the burden of establishing the amount in controversy by a preponderance of the evidence. *Allstate Fire & Cas. Ins. Co. v. Love*, 71 F.4th 348, 351–52 (5th Cir. 2023); *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). To determine whether Allstate met this burden, this Court must examine the Amended Complaint to determine whether it is facially apparent that the claims exceed the jurisdictional amount. *See Allstate Fire & Cas. Ins. Co. v. Love*, 71 F.4th 348, 351–52. If the amount in controversy is not apparent, this Court may rely on any "summary judgment" type evidence presented. *See id*.

In a declaratory-judgment action, the amount in controversy, that is the jurisdictional amount, is measured by the value of the object of the litigation. *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977). When an insurer seeks a judicial declaration from a

6

federal court that it has no duty to indemnify a party for damages awarded in a state-court default judgment, or in any action seeking a declaratory judgment regarding the coverage provided by an insurance policy, the value of the object of the litigation "is the value of the right to be protected or the extent of the injury to be prevented," not strictly the policy limit. *Allstate Fire & Cas. Ins. Co. v. Love*, 71 F.4th at 352 (quoting *St. Paul Reins. Co.*, 134 F.3d at 1252-53).

Usually, an insurance company may only be liable up to the limits of the subject policy. Therefore, often times, the jurisdictional amount is the subject policy limit. *Allstate Fire & Cas. Ins. Co. v. Love*, 71 F.4th at 352. However, in the event a Court faces the possibility that the amount of the state-court judgment (underlying claim) will likely exceed the policy limits, the applicable amount in controversy is the entire amount of the judgment, including the part exceeding the policy limits. *Id*. at 353. However, the fact that a party may seek recovery greater than the policy limit does not increase the amount in controversy beyond the policy limit automatically. *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002). The party seeking declaratory judgment bears the burden to plead and show the possibility of a recovery in excess of the policy limit, such as a claim under the *Stowers* doctrine. *See Allstate Fire & Cas. Ins. Co. v. Love*, 71 F.4th at 353–54.

Here, the Amended Complaint provides the Court no guidance to determine whether the amount in controversy exceeds the Court's $75,000 jurisdictional floor. The Motion for Default Judgment includes no evidentiary support. Consequently, the only facts from which the Court may determine jurisdiction are those well-pleaded facts in the Amended Complaint. Allstate does not provide the amount of the liability limit of the subject policy. This Court may not presume this amount. Allstate provides no reason for this Court to find Allstate's liability would exceed the subject policy limit, the circumstances are not appropriate for any *Stowers* claim, nor does

Allstate provide any basis for other liability such as attorney fees, penalties, or punitive damages. Instead, Allstate states the underlying default judgment awards Vernon $10 million in damages, and therefore, the matter in controversy exceeds $75,000. *ECF No. 17, p. 3*. Although this Court looks to the state-court default judgment of $10 million, which is above the $75,000 jurisdictional floor, this conclusory allegation of the amount in controversy is insufficient for this Court to determine the true amount in controversy. There is no basis for this Court to determine whether Vernon would seek from Allstate an amount greater than $75,000, even though she obtained a state-court default judgment against Villarreal of $10 million.

With these deficiencies, this Court must presume this suit lies outside this Court's limited jurisdiction. *See Howery v. Allstate Ins. Co.,* 243 F.3d at 916.

### B. Subject-Matter Jurisdiction: Case or Controversy

The existence of a "case or controversy" is a condition precedent to the proper exercise of judicial power under the Federal Declaratory Judgment Act. *Skelly Oil,* 339 U.S. at 671. Determination whether an "actual case or controversy" exists in this procedural context is important because requested declaratory relief can present the danger of providing an advisory opinion. *Id*. To avoid providing an advisory opinion or an opinion on a hypothetical situation, the Court must determine whether the facts alleged show there is a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *Maryland Casualty Co.,* 312 U.S. at 273. Because this question is fact-intensive, it must be determined on a case-by-case basis in a declaratory judgment action, observing whether the case may "presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop." *Brown & Root, Inc. v. Big Rock Corporation,* 383 F.2d 662, 665 (5th Cir. 1967).

A declaratory-judgment action must be ripe to be justiciable, and such action is ripe only when an "actual controversy" exists. *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002). A court should dismiss a case for lack of "ripeness" when "the case is abstract or hypothetical." *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). An actual controversy arises when "a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests." *Venator Group Specialty, Inc. v. Matthew/Muniot Family, L.L.C.*, 322 F.3d 835, 838 (5th Cir. 2003). The declaratory plaintiff bears the burden of proving, by a preponderance of the evidence, that an actual controversy exists. *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95 (1993). As a general rule, when requested declaratory relief is based on any hypothetical contingency, no actual controversy exists to form a court's subject matter jurisdiction. *Orix Credit Alliance*, 212 F.3d at 896; *Colonia Ins. Co. v. Williams*, 941 F. Supp. 606, 608 (N.D. Miss. 1996).

### 1. Declaratory Judgment Seeking Determination of Insurance Coverage

Insurance cases seeking declaration of coverage under a particular policy provide an exception to this general rule that a court may not enter declaratory relief on a hypothetical contingency. *Maryland Casualty Co.,* 312 U.S. at 273. Under this exception, a liability insurer may bring an action against its insured and a person the insured injured seeking a declaration of non-coverage. *Id.*; *Markel Ins. Co. v. D&BR Bldg. Sys., Inc.*, No. 6:08CV462, 2010 WL 11531147, at *2-*3 (E.D. Tex. Mar. 24, 2010)(discussing application of the exception under *Maryland Casualty* in the Fifth Circuit).

Problematic to this Court's examination of this exception provided under *Maryland Casualty* is the cases applying it and interpreting the exception all involve declaratory-relief actions brought by a liability insurer against *its insured*. *See Maryland Casualty Co.,* 312 U.S. at 273;

9

*Markel Ins. Co.*, 2010 WL 11531147, at *2-*3. Indeed, *Maryland Casualty* involved and states this exception specifically as: "a liability insurer may bring an action against its *insured* and a person the insured injured." *Maryland Casualty Co.,* 312 U.S. at 273. Further, when a liability insurer fails to name its insured as a defendant in its declaratory judgment action, this omission creates an assumption that the insurer does not deny its liability for any judgment which may stand against its insured. *See Colonia Ins. Co.*, 941 F. Supp. at 608–09.

This Court presented this deficiency to Allstate in the previous dismissal of the first Motion for Default Judgment. This Court instructed Allstate it must name its insured, Gloria Cavazos, to avoid the implication that it asks this Court to enter declaratory relief on a hypothetical contingency as outlined in *Maryland Casualty Co.,* 312 U.S. at 273. This Court explained it is not clear from the facts as alleged whether the true insured, Gloria Cavazos, was a party to the underlying state court action or whether any judgment was obtained against her, and even so, this case is not a declaratory-relief action brought by a liability insurer against *its insured*. This Court explained that in its Complaint, Allstate alleges Villarreal is not the insured under the Policy, but instead, Cavazos is the named insured, and Villarreal is specifically excluded from coverage. Allstate does not argue, nor provide any supporting caselaw from which this Court may interpret the term "insured" as used in this context to mean *any* party, such as Villarreal, who may potentially assert a claim of coverage under a policy. Thus, applicability of the *Maryland Casualty* exception under these facts is not clear. This Court allowed Allstate the opportunity to amend the Complaint to cure this implication and to support the applicability of the *Maryland Casualty* exception. Allstate did not cure this problem in its Amended Complaint and did not name its insured as a party. Therefore, this Court must presume against a finding of jurisdiction based upon

a lack of showing of and actual case or controversy. *See Howery,* 243 F.3d at 916; *Hodnett*, 2015 WL 5675854, at *1.

### 2. Threat of Litigation

Review of the Amended Complaint also reveals Allstate fails to allege enough facts pertaining to Vernon's alleged threats of litigation for this Court to determine whether an actual controversy exists to confer subject matter jurisdiction. While a specific and concrete threat of litigation can establish a justiciable controversy, in this context, a plaintiff must show a "practical likelihood that a controversy will become real." *Lower Colo. River Auth. v. Papalote Creek II, L.L.C.*, 858 F.3d 916, 924 (5th Cir. 2017); *Orix Credit Alliance*, 212 F.3d at 897. This actual-controversy inquiry "focuses on whether an injury that has not yet occurred [i.e. a threat of litigation] is sufficiently likely to happen to justify judicial intervention." *Chevron U.S.A., Inc. v. Traillour Oil Co.*, 987 F.2d 1138, 1153 (5th Cir. 1993); *Orix Credit Alliance*, 212 F.3d at 897.

In *Orix*, the Fifth Circuit Court found persuasive cases finding sufficient certain threats of litigation to present a justiciable controversy. First, when a buyer sent a "notice letter" informing a manufacturer that suit would be filed in state court if their dispute was not resolved. *Orix Credit Alliance*, 212 F.3d at 897 (citing *NUCOR Corp. v. Aceros Y Maquilas de Occidente*, 28 F.3d 572, 578 (7th Cir. 1994)). Also, in the intellectual property context, the *Orix* Court found an actual controversy exists "(1) when the declaratory plaintiff has a real and reasonable apprehension of litigation and (2) when the declaratory plaintiff has engaged in a course of conduct that brings it into adversarial conflict with the declaratory defendant." *Orix Credit Alliance*, 212 F.3d at 897 (citing *Texas v. West Publ'g. Co.,* 882 F.2d at 176). Particularly relevant to the facts in this case, in *Regions Insurance, Inc. v. Ace Prop. & Cas. Ins. Co.*, a district court determined a declaratory-relief plaintiff demonstrated a sufficient threat of litigation to constitute an actual controversy

when, while a suit was pending, counsel on behalf of Ace Property & Casualty Insurance sent a letter notifying Regions Insurance that if it did not undertake Ace's defense and indemnify Ace, it would risk Ace filing a third-party claim against it. Further Ace made a formal demand upon Regions Insurance to reimburse Ace for payment it made in two underlying suits. *Regions Ins., Inc. v. Ace Prop. & Cas. Ins. Co.*, 80 F. Supp. 3d 730, 734 (M.D. La. 2015).

While this caselaw is instructive, even in light of accepting the alleged facts as true, the only supporting facts from which this Court could deduce a sufficient threat of litigation are allegations in the Amended Complaint stating Vernon, through counsel, threatened to file suit against Allstate by letter dated February 9, 2024 (prior to the state-court default judgment), and later sent a demand letter on April 5, 2024 (the day after entry of the state-court default judgment), serving notice of the Final Default Judgment and stating Vernon intended to proceed with "'all legal methods to collect the amounts owed.'"

Allstate's characterization of these letters as "threatening to file suit" and as a "demand letter," are conclusory. Allstate does not provide the letters, nor does it provide specific language from the letters from which this Court may determine whether the letters present a threat of litigation that is sufficiently likely to happen to justify judicial intervention. *See Chevron,* 987 F.2d at 1153; *Orix Credit Alliance*, 212 F.3d at 897. These allegations taken as true do not demonstrate Allstate has a real and reasonable apprehension of litigation. *See Orix Credit Alliance*, 212 F.3d at 897. Consequently, these allegations are not sufficient to demonstrate an actual controversy to confer subject matter jurisdiction.

This Court allowed Allstate the opportunity to amend the Complaint to cure this deficiency and to provide support for the allegation of any threat to file suit. Allstate did not cure this problem in its Amended Complaint. Therefore, this Court must presume against a finding of ju-

12

risdiction based upon a lack of showing of an actual case or controversy. *See Howery,* 243 F.3d at 916.

## Conclusion

Upon review of this second Motion for Default Judgment, this Court concludes Allstate failed to cure the pleading deficiencies noted and explained previously to allow this Court to determine with certainty whether it holds diversity or subject matter jurisdiction. Due to these deficiencies, this Court must presume jurisdiction does not exist. Because this Court instructed Allstate how to cure the pleading deficiencies, gave it ample opportunity to do so, and it did not, and because this Court gave Allstate much deference and instruction regarding its failures, deficiencies, and instruction on the procedural requirements of default judgment, the Court concludes this matter must now be dismissed without prejudice for lack of jurisdiction and failure to prosecute.

It is so ORDERED.
SIGNED this 12th day of June, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE